**Entered on Docket
June 21, 2012
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CRYSTAL LEE ORNBAUN,  No. 11-13593

                  Debtor(s).
_____/

KIRK FOX, as conservator of the estate
of Sarah Joan Ornbaun,

                  Plaintiff(s),

    v.  A.P. No. 12-1019

CRYSTAL LEE ORNBAUN,

                  Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

    Prior to the bankruptcy filing of debtor and defendant Crystal Lee Ornbaun, plaintiff Kirk Fox obtained a state court judgment against her in his own name on behalf of the estate of Sarah Joan Ornbaun. He commenced this adversary proceeding seeking to have the judgment declared nondischargeable pursuant to § 523(a)(2) of the Bankruptcy Code. Unfortunately, this adversary proceeding was filed 34 days after the last day for such filings.[1] Defendant has moved for summary

---

[1] The bar date for § 523(a)(2) actions was December 27, 2011. This adversary proceeding was filed on January 31, 2012.

1

judgment.

Actions for fraud are governed by § 523(c)(1) of the Bankruptcy Code and Rule 4007(c) of the Federal Rules of Bankruptcy Procedure. They must be filed no later than 60 days after the date first set for the meeting of creditors. The deadline is a strict one, with no extensions allowed after the time has expired and no exceptions for excusable neglect. Rule 9006(b)(3); *In re Hill,* 811 F.2d 484, 487 (9th Cir. 1987). Thus, this adversary proceeding must technically be dismissed as untimely. However, in what appears to be a desperate attempt to avoid a malpractice claim,[2] Fox's counsel argues that the debt was not sufficiently scheduled. That raises a different issue, which the court might as well address now.

A creditor claiming that his debt was incurred by fraud must bring a § 523(a)(2) action within the time prescribed or the claim forever barred under that section, even if the creditor did not know about the bankruptcy. However, if the creditor can show that 1) the debt was neither listed nor scheduled in time to permit a timely adversary proceeding and the creditor had no notice or actual knowledge of the case, and 2) if the creditor had been able to file a timely action, he would have prevailed, then the debt is nondischargeable pursuant to § 523(a)(3).[3] *In re Lochrie,* 78 B.R. 257 (9th Cir. BAP 1987). There is no time limit for an action under § 523(a)(3).

Thus to prevail, Fox would have to show ALL of the following: his claim was not listed; his claim was not scheduled; he had no notice of the case; and he had no actual knowledge of the case.

---

[2]The court cannot help but note that Fox's attorney, the same one who represents Fox in this action, signed a proof of claim on December 15, 2011, and filed it on December 27, 2011.

[3] § 523(a)(3) provides, in pertinent part, that a debt is not discharged which was:
(3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit--
. . . .
(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

2

Unfortunately for Fox (or his counsel), he cannot even show one of these, let alone all of them.

Fox was listed on the list of creditors. It reads: Kirk and Mary Fox, Marget O'Rourke, P.O. Box 2310, Mendocino, CA 95460. O'Rourke was the counsel of record who obtained the Fox judgment.

The Fox claim was scheduled. Schedule F list the same debt and says "Money Judgment executed."

There may be a triable issue of fact as to whether Fox got proper formal notice. Notice to an attorney who represented a creditor in state court may or may not be proper notice, depending on whether the attorney was representing the creditor in debt collection at the time of bankruptcy. *In re Fauchier,* 71 B.R. 212 (9th Cir. BAP 1987); 4 Collier On Bankruptcy, ¶ 523.09[4][a]. However, a creditor with knowledge of the bankruptcy in time to file a dischargeability action is barred from filing a late action even if the creditor received no formal notice at all. *In re Price,* 871 F.2d 97, 99 (9th Cir. 1989); *In re Dewalt,* 961 F.2d 848 (1992).[4]

While there may be triable issues of fact as to listing and notice, there is no triable issue as to whether Fox had actual knowledge of the case. In his declaration, he admits that in November, 2011, one of the attorneys who represented him in the state court action "called me and told me that Defendant had apparently filed for bankruptcy and that they had received some kind of notice from the Court." In fact, as noted above, Fox's bankruptcy attorney signed a proof of claim on December 15, 2011, and filed it on December 27, 2011. If this adversary proceeding had been filed on the latter date, it would have been timely.

Fox's counsel argues that the listing, scheduling, and notice were all defective because Fox

---

[4] Both *Price* and *Dewalt* were decided well before the advent of electronic filing; obtaining bar dates and other information about a bankruptcy case required a trip to the courthouse and a physical review of the file. Modernly, a creditor knowing only a debtor's name can electronically see every document in the case and learn all bar dates in a matter of minutes. There is simply no excuse for anyone with knowledge of a bankruptcy filing to be unaware of a bar date, let alone an experienced bankruptcy attorney and e-filer.

was not identified in his capacity as conservator. It is difficult to find merit in this unsupported argument, as it is still undisputed that Fox had actual knowledge of the case and the court cannot help but note that the plaintiffs who obtained the state court judgment are named as Kirk Fox and Mary Fox, period. Moreover, the proof of claim, filed on the deadline for a timely adversary proceeding, identifies the claimants as Kirk and Mary Fox, period.[5] But the benefits of a bankruptcy filing cannot be lost on such technical arguments. *Kreitlein v. Ferger,* 238 U.S. 21, 34 (1914). Good faith and fair notice are all that is required. *Matter of Stone*, 10 F.3d 285, 291 (5th Cir. 1994).

For the foregoing reasons, Ornbaun's motion for summary judgment will be granted. Counsel for Ornbaun shall submit an appropriate form of order and an form of judgment forthwith. Ornbaun shall recover her costs of suit.

Dated: June 21, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[5]An amended claim filed 12 days later identifies the claimant as Kirk Fox, Conservator. The attached judgment is the same.

4