UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CRYSTAL LEE ORNBAUN,   No. 11-13593

                Debtor(s).
_____/

KIRK FOX, as conservator of the estate
of Sarah Joan Ornbaun,

                Plaintiff(s),

    v.   A.P. No. 12-1019

CRYSTAL LEE ORNBAUN,

                Defendant(s).
_____/

Memorandum on Motion for Attorneys' Fees
_____

    Prior to the bankruptcy filing of debtor and defendant Crystal Lee Ornbaun, plaintiff Kirk Fox obtained a state court judgment against her on behalf of the estate of Crystal's elderly mother, Sarah Joan Ornbaun. The state court found that Crystal had obtained real property from her 84-year-old mother by fraud. The state court rescinded the transaction and awarded Fox $31,000.00 in attorneys' fees. Fox commenced this adversary proceeding seeking to have the judgment declared nondischargeable pursuant to § 523(a)(2) of the Bankruptcy Code.

    Unfortunately, this adversary proceeding was filed 34 days after the last day for such filings. This court was compelled to grant Crystal's motion for summary judgment.

1

In a motion unsupported by a single case, Crystal has moved the court for an award of attorneys' feed pursuant to § 523(d) of the Bankruptcy Code. That section creates an exception to the American rule that each party must bear its own attorneys' fees, and permits a bankruptcy court to award a debtor fees for successfully defending a dischargeability action on a consumer debt if the position of the creditor was not substantially justified unless special circumstances would make the award unjust. The court finds that the debt was not a consumer debt, the complaint was substantially justified, and there are special circumstances which would make an award unjust. The court will accordingly deny the motion.[1]

The purpose of § 523(d) is to even the playing field between debtors and consumer finance companies (often credit card issuers) who might be tempted to use their stronger economic position to bring unjustified nondischargeability actions. See, e.g., *In re Strausbaugh,* 376 B.R. 631, 638 (Bkrtcy.S.D. Ohio 2007); *American Exp. Travel Related Services Co. v. Baker,* 213 B.R. 834, 837 (N.D.Ill. 1997). The term "consumer debt" is defined in § 101(8) as debt incurred primarily for a personal, family, or household purpose.

While a debt incurred in the purchase of a home may be a consumer debt, a debt is not automatically converted into a consumer debt just because acquisition of a home is involved. *Turner v. Cook,* 362 F.3d 1219, 1228 (9th Cir. 2004). This is not a case where a debtor was sued to recover payments due on account of the sale of real property; the relief granted was rescission on account of the unfair terms of the sale. The debt arose out of the rescission, not the purchase. The court accordingly finds that this adversary proceeding does not involve a consumer debt.

Even if the definition of consumer debt were so expansive as to include debts incurred by taking advantage of the elderly, Crystal has not established that the complaint was not substantially

---

[1] The court notes with disappointment that counsel for Fox did not make these arguments, or cite a single case in his opposition.

2

justified. She seems to assume, without citing any cases, that filing a late complaint supports a finding that it was not substantially justified even if the underlying facts presented a strong case for nondischargeability. The court has found no case which supports Crystal's position, and at least two which question whether § 523(d) is applicable when a complaint has been dismissed as untimely. *In re Digby,* 29 B.R. 658, 664 (Bkrtcy.N.D. Ohio 1983); *In re Peterson,* 15 B.R. 598, 603 (Bkrtcy.N.D. Iowa 1981). While the court cannot say that a late complaint can never be subject to § 523(d), the court finds in this case that the complaint, filed only a few days late and based on a very meritorious claim, was substantially justified notwithstanding its tardiness.

Even if the court were to find that a consumer debt was involved and that the complaint was not substantially justified, it would still not grant Crystal's motion due to special circumstances. It would be entirely unjust to award attorneys' fees to someone who took advantage of an elderly person and was found liable for it. Crystal is very lucky that her debt has been discharged due to the failure of Fox to file a timely complaint. The court declines to compound the injustice by rewarding Crystal with recovery of her attorneys' fees.

For the foregoing reasons, Crystal's motion for attorneys' fees will be denied. Counsel for Fox shall submit an appropriate form of order.

Dated: August 6, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

3